UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL DELAFUENTE SOSA, III,<br><br>Defendant. | Case No. 1:22-CR-00086-DCN<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Defendant Daniel DeLafuente Sosa, III's motion for furlough brought pursuant to 18 U.S.C. § 3142(i). (Dkt. 24.) Having reviewed the entire record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the decisional process would not be significantly aided by oral argument, the motion will be decided on the record. For the reasons that follow, the Court will deny the motion.

## BACKGROUND

Defendant was ordered detained following a detention hearing on May 2, 2021. (Dkt. 17, 19.) On May 25, 2022, Defendant filed the motion for furlough presently before the Court. (Dkt. 24.) Defendant requests a furlough for the purpose of attending the high school graduation of his son scheduled for 7:00 p.m. (MT) on Wednesday, June 1, 2022 at Ontario High School, located in Ontario, Oregon. (Dkt. 24.)

**ORDER - 1**

The motion states Defendant is amenable to any conditions of release the Court deems appropriate, and proposes the following: 1) appointment of a third-party custodian, Defendant's sister, who will be responsible for Defendant's transportation and compliance with any conditions required for the requested furlough; 2) electronic monitoring; and 3) other standard release conditions, including drug testing. (Dkt. 24.)

## STANDARD OF LAW

Under the Bail Reform Act of 1984, if the Court finds the defendant poses a danger to public safety or a flight risk, the Court may order the defendant detained pending further proceedings if no conditions, or a combination of conditions, can be fashioned to reasonably provide such assurances. 18 U.S.C. § 3142(f); 18 U.S.C. § 3143(a)(1). In assessing what conditions, if any, to impose, courts consider the following factors set forth in Section 3142(g): the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the defendant's history and characteristics (including history relating to drug abuse, defendant's criminal history, and record of appearing at court proceedings); whether the defendant was on probation, parole, or other court supervision at the time of the allegedly offensive conduct; and the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g).

Relevant here, where a person has been detained, Section 3142(i) provides a mechanism for the Court to permit the temporary release of the person where it "determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The defendant bears the burden of establishing circumstances warranting temporary release under Section 3142(i). *United States v. Cox*,

**ORDER - 2**

2020 WL 1491180, at *2 (D. Nev. March 27, 2020); *United States v. Clark*, 2020 WL 1446895, at *2 (D. Kan. Mar. 25, 2020). The Court must make an individualized determination as to whether the Defendant has demonstrated that temporary release is warranted in this case under Section 3142(i).

## DISCUSSION

Defendant asserts compelling reasons for a temporary furlough exist to allow him to be present at his son's graduation ceremony. The motion argues the requested release furthers the important and fundamental interests of family and society. (Dkt. 24.)

After carefully considering the Defendant's motion, the entire record, and the Section 3142(g) factors, the Court finds Defendant has not shown compelling reasons exist to grant the requested furlough. For the reasons stated during the detention hearing, the Court finds there are no conditions that can be imposed that will reasonably assure the Defendant's appearance as required and the safety of the community. Accordingly, the motion will be denied.

## ORDER

THEREFORE IT IS HEREBY ORDERED that the Motion for Furlough (Dkt. 24) is **DENIED**.

DATED: May 26, 2022

_____
Honorable Debora K. Grasham
United States Magistrate Judge

ORDER - 3